**In the Matter of Joseph A. HICKEY, III: (Custis) (Caliri) (Lisi) (Kennedy) (Simpson)**

No. 93–206 M.P.

Supreme Court of Rhode Island.

April 8, 1993.

### ORDER

These matters came before the Supreme Court on an order issued to the Respondent to appear and show cause why the decision and recommendation of the Disciplinary Board in each disciplinary matter should not be implemented. Respondent was personally served with notice of the show cause hearing and he was provided the opportunity to respond. He failed to do so.

The Disciplinary Counsel, after hearing, made a collective recommendation of disbarment for the misconduct of the Respondent as set forth in the Decision of the Board in DB Nos. 702A, 703A and 704A. After review of the findings of fact and conclusions of the Board, we deem such an order to be appropriate.

In DB Nos. 652A and 660A, after making findings of fact, the Disciplinary Board recommended that suspension from the practice of law would be warranted for the misconduct of the Respondent as set forth therein. However, as the Respondent is presently suspended from the practice of law, it was the recommendation of the Board that these matters should be considered if and when Respondent were to apply for reinstatement to the practice of law. In view of Mr. Hickey's current suspension, his record of disciplinary violations and his failure to appear, we are of the opinion that his status as a member of the bar should not be left in limbo. We therefore consider it appropriate that Respondent be disbarred.

Accordingly, it is hereby ordered, adjudged and decreed that the Respondent Joseph A. Hickey III be and he is hereby disbarred from the practice of law.

FAY, C.J., did not participate.

**Paul SOARES**

v.

**DiPIETRO KAY CORPORATION et al.**

No. 92–400–Appeal.

Supreme Court of Rhode Island.

April 8, 1993.

### ORDER

This case came before the court for oral argument March 30, 1993 pursuant to an order which had directed the defendant to appear in order to show cause why this appeal should not be denied and dismissed.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.

The award of damages was issued by a master who was appointed by agreement of the parties. He found that storage charges for a vessel owned by the defendants was due and owing. The findings of the master were based upon evidence submitted and no showing has been made that the master was clearly wrong.

Consequently, the defendants' appeal is denied and dismissed. The judgment entered in the Superior Court conforming the master's award is hereby affirmed.